ZIEGENHAIN v. ZIEGENHAIN.

(Supreme Court, Appellate Division, First Department. December 30, 1915.)

DIVORCE ⬤◦133—ABANDONMENT—SUFFICIENCY OF EVIDENCE.
Evidence in an action for separation *held* to show that the defendant husband, by his treatment of plaintiff, unsuccessfully attempted to force her to leave him, and finally left her, and to be therefore insufficient to sustain a finding that plaintiff abandoned defendant.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 446–448; Dec. Dig. ⬤◦133.]

Appeal from Special Term, New York County.

Action by Elfrieda M. Ziegenhain against Herman A. Ziegenhain. From a judgment for defendant, plaintiff appeals. Reversed and rendered.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and SMITH, JJ.

Jacob H. Shaffer, of New York City (Cornelius A. Baldwin, of New York City, of counsel), for appellant.

Robert S. Mullen, of New York City (Robert McMahon, of New York City, of counsel), for respondent.

McLAUGHLIN, J. This action was brought to procure a separation on the ground of cruel and inhuman treatment and desertion. The defendant denied the material allegations of the complaint, and as a counterclaim asked for a separation from the plaintiff on the ground of abusive treatment and abandonment. After a trial of the issues raised by the complaint and answer, the court found that the plaintiff's conduct was abusive, as alleged in the counterclaim, and that she finally abandoned the defendant on the 24th of September, 1912. Judgment was entered to this effect, from which the plaintiff appeals.

The parties were married on June 4, 1911, in the city of New York, where they resided until September 24, 1912, when they separated. So far as appears there were no serious differences between them until

July, 1912, when the plaintiff, who had been ill for some time, was advised by her physician that a surgical operation was necessary. For the purpose of having the operation performed, she, with the husband's consent, went to her mother's home; the defendant agreeing to be there at the time fixed for the operation, and to then pay the surgeon for performing it. This he did not do, but appeared later in the day with a small amount of money and stated that was sufficient to pay for the operation, and on being informed plaintiff's grandmother had advanced the balance towards the operation, he quarreled and left the house. The plaintiff remained at her mother's home for a week, and, the defendant in the meantime not having called to see her, she wrote and asked him to do so. Instead, he sent a letter through a lawyer and directed her to come home and resume her marital duties. The first day she was able to walk she met the defendant returning from his work and they went to their home together. She then found the lock upon the outer door had been changed, and he told her, if she had not come home that week, he intended to have moved to the state of New Jersey, for which purpose he had drawn all of his money out of the savings bank, so that she could not trace him. After she had remained at home for two days, the defendant told her she could not take proper care of him and to go back to her mother's. This she did, remaining only a week, during which time defendant made no effort to see her.

It would serve no useful purpose to state in detail the conflicting testimony as to the troubles between the parties subsequent to the plaintiff's return to her home. A careful examination of the record shows that after that the defendant repeatedly said to the plaintiff he no longer cared for her, and intended to leave her and go to his people, who lived in Pennsylvania; and on the 24th of September he actually did leave the plaintiff, saying he would never return. Two days before that he had made a similar declaration, and had packed up his clothes and taken them from the house. While he returned home on this occasion, he did not bring his clothes with him, and his action on the 24th of September justified the plaintiff in believing the defendant had abandoned her, and in storing the furniture and closing the house.

The finding that she then abandoned him is not sustained by the evidence, but is against it. Nor is there any evidence to sustain the finding that the plaintiff's conduct was abusive; that she constantly nagged and assaulted him, and finally abandoned him; on the contrary, the evidence shows a purpose on the part of defendant, by his treatment of plaintiff, to force her to leave him, and, having failed in this, that he finally left her.

It follows that the judgment appealed from should be reversed, with costs, and judgment for a separation entered in plaintiff's favor for the relief demanded in the complaint, with costs, together with $4 a week alimony; the time when the same is to commence to be fixed in the order.

Findings of fact in the decision designated V and VI and conclusions of law I and II are reversed, and a finding of fact made that

the defendant abandoned the plaintiff on the 24th of September, 1912, without cause, and a conclusion of law that by reason of such abandonment plaintiff is entitled to a judgment of separation and $4 a week alimony, together with the costs of the action. All concur.